**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4131**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUANTAVIOUS THOMPSON, a/k/a Quan, a/k/a Kirkwood Quan,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:14-cr-00072-D-2)

Submitted:  October 31, 2019                    Decided:  November 5, 2019

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Ruth A. Levy, WILLIAMS MULLEN, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quantavious Thompson pled guilty, pursuant to a written plea agreement, to kidnapping and conspiracy to commit kidnapping, in violation of 18 U.S.C. §§ 2, 1201(a), (c) (2012), and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (2012). The district court sentenced Thompson to 504 months' imprisonment on the kidnapping counts and 84 months, to run concurrently, on the firearm count.[1]

Thompson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court sufficiently complied with Fed. R. Crim. P. 11 in accepting Thompson's guilty plea and whether Thompson's sentence is procedurally and substantively reasonable. Although notified of his right to file a supplemental pro se brief, Thompson has not done so. After conducting our *Anders* review, we have identified an additional question: whether Thompson's § 924(c) conviction is infirm in light of our decision in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019). We vacate in part, affirm in part, and remand to the district court.

---

[1] Section 924(c) mandates that "no term of imprisonment imposed on a person under [§ 924(c)] shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed." 18 U.S.C.A. § 924(c)(1)(D)(ii) (West 2015 & Supp. 2019); *see United States v. Bran*, 776 F.3d 276, 281 (4th Cir. 2015) (acknowledging "consecutive sentence mandate of § 924(c)").

# I

Because Thompson did not challenge the validity of his § 924(c) conviction in the district court, our review is for plain error. *United States v. Harris*, 890 F.3d 480, 490 (4th Cir. 2018). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 491 (internal quotation marks omitted). "An error is plain if[, at the time of appellate consideration,] the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted).

Under 18 U.S.C. § 924(c), it is a separate offense for a person to use or carry a firearm "during and in relation to any crime of violence." A "crime of violence" is a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the now-invalidated "residual clause")].

18 U.S.C. § 924(c)(3). The crimes of violence underlying Thompson's § 924(c) conviction were conspiracy to commit kidnapping and kidnapping.

The Supreme Court recently held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2323-24, 2336 (2019); *accord United States v. Simms*, 914 F.3d 229, 236-37 (4th Cir. 2019) (en banc), *cert.*

3

*denied*, No. 18-1338, 2019 WL 4923463 (U.S. Oct. 7, 2019). We then held that "because both requirements of 18 U.S.C. § 1201(a) may be committed without violence, kidnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A)." *Walker*, 934 F.3d at 379. We therefore conclude that kidnapping cannot serve as a predicate for Thompson's § 924(c) conviction. Accordingly, the district court committed error that is plain in entering judgment on this count.[2] We further hold that this plain error affected Thompson's substantial rights and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Harris*, 890 F.3d at 491 (internal quotation marks omitted). Accordingly, we vacate the § 924(c) conviction and sentence.

II

Counsel questions whether the district court's plea colloquy satisfied the requirements of Rule 11. Because Thompson did not move to withdraw his guilty plea or otherwise object to the plea hearing in the district court, our review is for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

When accepting a guilty plea, the court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is

---

[2] We note that the district court did not have the benefit of *Walker* when it accepted Thompson's plea.

relinquishing by pleading guilty, the nature of the charges to which he is pleading, and the possible consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *Walker*, 934 F.3d at 377 n.1 (internal quotation marks omitted); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

The district court substantially complied with Rule 11 in accepting Thompson's guilty plea, neglecting only to inform Thompson of his right to compel the attendance of witnesses at trial, but we conclude that the court's minor omission did not affect Thompson's substantial rights. Moreover, the court properly found that Thompson knowingly and voluntarily entered his plea, which was supported by an adequate factual basis. Accordingly, Thompson has not rebutted the "presumption of truthfulness" accorded his "solemn declaration of guilt." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010). We therefore affirm his convictions for conspiracy to commit kidnapping and kidnapping.

III

Counsel next questions whether Thompson's sentence is procedurally and substantively reasonable. We review a criminal sentence—"whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion

5

standard." *Gall v. United States,* 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51; *see* 18 U.S.C. § 3553(a). If there is no significant procedural error, then we consider the sentence's substantive reasonableness. *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

Having carefully reviewed the record, we conclude that the district court properly calculated the advisory Sentencing Guidelines range, gave the parties the opportunity to argue for an appropriate sentence, and sufficiently addressed Thompson's mitigation arguments and explained the chosen sentence. Although counsel suggests that the district court failed to account for Thompson's immaturity in fashioning the sentence, we conclude that the court's explanation acknowledged the argument but found it unpersuasive. Because Thompson has failed to rebut the presumption of reasonableness afforded his sentence, *see White*, 810 F.3d at 230, the district court did not abuse its discretion in imposing Thompson's sentence on the kidnapping counts.

IV

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore vacate Thompson's § 924(c) conviction and sentence, affirm Thompson's convictions and sentence on the kidnapping

6

counts, and remand for entry of an amended judgment consistent with this opinion. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*